**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ABB TECHNOLOGY LTD. and ABB INC.   )
                                    )
            Plaintiffs,              )     Case No. 6:12-cv-1610-RBD-TBS
                                    )
    vs.                              )     **Complaint for Patent Infringement**
                                    )     **Demand for Jury Trial**
HYUNDAI HEAVY INDUSTRIES, CO.,       )     **Injunctive Relief Sought**
LTD.                                 )
                                    )
            Defendant.               )

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | ABB'S PROPOSED DATE | HHI's PROPOSED DATE |
|---|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | **February 8, 2013** | **February 8, 2013** |
| Certificate of Interested Persons and Corporate Disclosure Statement | **Completed.** | **Completed.** |
| Motions to Add Parties or to Amend Pleadings | **April 30, 2013** | **April 30, 2013** |
| Parties Exchange Terms for Claim Construction | **May 1, 2013** | **September 13, 2013** |
| Parties Exchange Constructions for Claim Construction and Intrinsic Evidence | **May 15, 2013** | **September 27, 2013** |
| Parties' Deadlines for Filing a Joint Claim Construction And Pre-Hearing Statement, Including Intrinsic Evidence, Extrinsic Evidence, and Summary of Expert Testimony (if any). | **May 29, 2013** | **October 11, 2013** |
| Opening Markman Briefs | **June 12, 2013** | **October 18, 2013** |

| | | |
|---|---|---|
| Rebuttal Markman Briefs | **July 10, 2013** | **November 8, 2013** |
| Claim Construction Hearing and Tutorial | **August 2013** | **December 2013** |
| Close of Fact Discovery | **September 30, 2013** | **May 16, 2014** |
| Disclosure of Infringement, Invalidity and Damages Expert Reports | **October 23, 2013** | **March 7, 2014** |
| Disclosure of Non-infringement, Validity, and Rebuttal Damages Expert Reports | **November 20, 2013** | **March 28, 2014** |
| Expert Discovery Deadline | **December 20, 2013** | **May 16, 2014** |
| Dispositive Motions and *Daubert* Motions | **January 30, 2014** | **June 2, 2014** |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Dalton@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | **March 24, 2014** | **September 15, 2014** |
| All Other Motions Including Motions *In Limine* | **April 1, 2014** | **September 27, 2014** |
| Final Pretrial Conference | **April 28, 2014** | **October 13, 2014** |
| Trial Term Begins | **May 19, 2014** | **November 3, 2014** |
| Estimated Length of Trial    [trial days] | **5 Days** | **Agreed** |
| Jury / Non-Jury | **Jury** | **Agreed** |
| Mediation<br><br>    Jay M. Cohen, P.A.,<br>    Post Office Box 2210<br>    Winter Park, Fl.   32790<br>    Phone:   407 644-1181<br>    Email:   jmcohen@jmcohenpa.com | **October 2013 (post-claim construction, pre-expert reports)** | **Early mediation: March 2013**<br><br>**Second mediation:**<br><br>**30 days after *Markman* order** |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No_xx_<br><br>Likely to Agree in Future _____ | |

I.   **Statement of Parties Regarding Scheduling**

The parties jointly agree that it is in the interest of justice and judicial economy for there to be an early *Markman* hearing to address claim construction issues. If the Court agrees to grant an early *Markman* hearing, the parties agree that it would be most efficient to do so within a time period such that the Court could issue a *Markman* ruling prior to commencement and/or conclusion of expert discovery. This avoids the need for the experts to address validity and infringement issues based on alternative claim constructions that may be presented by the parties. An early *Markman* ruling may also help the parties resolve this action by narrowing the issues in dispute. The parties' respective positions regarding specific case deadlines are set forth below.

a)   **ABB's Statement**

The parties agree that this is a Track Two Case. Per Local Rule 3.05(c)(2)(E), it is "the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after filing the complaint." In accordance with the Local Rules, ABB proposes a case schedule with a trial datre that is approximately 18 months from the filing of the complaint. By contrast, HHI proposes that this case will require 24 months to prepare for trial – the maximum time permitted under the Local Rules. For the reasons set forth below, ABB respectfully submits that this is a relatively simple case and that 18 months will be sufficient for the parties to prepare for trial.

ABB's claims in this case are streamlined and focused. ABB's complaint asserts a single patent having one independent patent claim against one type of accused product – HHI's gas-insulated switchgear. In responding to the complaint, HHI did not assert any counterclaims nor make any motions that would delay the schedule, such as a motion to dismiss or transfer.

HHI affirmative defenses are common to patent cases (*e.g.,* non-infringement, invalidity, equitable defenses) and do not necessitate a prolonged discovery period.   Moreover, during the Case Management Conference, neither party indicated that it anticipated taking discovery from third parties requiring the schedule to be extended.   Finally, both parties are sophisticated corporations who have retained experienced patent litigation counsel.   Thus, there is no reason to prolong this case to the upper limit of the Track Two timeline.

   b)  **HHI's Statement**

This action has been designated a Track Two Case.   L.R. 3.05 sets a goal that "a trial will be conducted in all Track Two cases within two years after the filing of the complaint, and that most cases will be tried within one year after filing of the complaint."   HHI proposes a two-year pre-trial schedule.

HHI respectfully submits that the pre-trial schedule in this case should be at the longer end of the Track Two goals for a number of reasons.   First, this is a patent case in which the parties agree that an early separate *Markman* claim construction hearing would be beneficial. Building adequate time into the pre-trial schedule to allow both pre-*Markman* discovery and an early *Markman* hearing under ABB's proposed 18-month pre-trial schedule is not feasible without prejudicing HHI.   Second, both ABB Technology, the patent owner, and HHI are foreign entities.   ABB Technology is located in Switzerland as are the three ABB inventors according to the cover page of the asserted patent.   At this point, it is not known whether the ABB inventors (and other possible but as yet unidentified witnesses) are under ABB's control. Taking testimony of witnesses outside of the U.S. – particularly witnesses located in Switzerland – presents many time-consuming challenges.   In addition, HHI is a Korean company located in Ulsan, South Korea.   It is expected that the majority of HHI's relevant witnesses and documents

4

are located in Korea.    As presently advised, the majority of HHI's witnesses are Korean speakers who may not be fluent in English.    Moreover, it is expected that the majority of the relevant documents are located in Korea and are in Korean.    Review of foreign-language documents can be time consuming. Moreover, any documents collected from Korea for production in this action may need to comply with Korea's recently enacted privacy laws.    HHI respectfully submits that this action should have a two-year pre-trial schedule, which meets the Track Two goals, as HHI will need more time to interview witnesses and review documents than might be the case in a case without the foreign language issues here or in which the witnesses are located closer to the Middle District of Florida.

## II.   Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on January 14, 2013 at 2:30pm Eastern at the offices of Hill Ward Henderson in Tampa, Florida and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| T. Todd Pittenger | Plaintiffs |
| Lara Tibbals | Defendant |
| Adam A. Alper (by phone) | Plaintiffs |
| Amy R. Lemyre (by phone) | Plaintiffs |
| Brandon Brown (by phone) | Plaintiffs |
| William McCabe (by phone) | Defendant |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

5

    Steven Baughman (by phone)                              Defendant

    Emily Cobb (by phone)                                    Defendant

**III.**    **Pre-Discovery Initial Disclosures of Core Information**

    a)  **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D). The parties agree to exchange this information by February 8, 2013.

**IV.**    **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_    no party anticipates the disclosure or discovery of ESI in this case;

\_xx\_    one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues have been discussed:[2]

    A.    The form or forms in which ESI should be produced.

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.   If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.   The parties should attempt to agree on protocols that minimize the risk of waiver.   Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each:

The parties are continuing to negotiate an ESI agreement and anticipate reaching agreement in the near future without needing to involve the Court.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

_xx__   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## V.   Agreed Discovery Plan for Plaintiffs and Defendants

### a)   Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper including an emergency motion is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__xx__   Yes

_____   No

b) **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).

c) **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party), including 30(b)(6) depositions. Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). However, the parties agree to work cooperatively and in good faith in the event either seeks additional depositions during the discovery period. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

i. **Depositions**

A deposition of a witness, including an expert witness, is limited to seven hours; however, the seven-hour limit does not apply in a deposition where the deponent requires a translator. Depositions of expert witnesses shall be limited to seven hours per expert report. Thus, for example, an expert who submits two separate reports on infringement and validity may

be deposed for up to seven hours on each report. Cross examination of an opposing party's expert shall not be counted toward the total of ten depositions. Depositions in which the deponent requires a translator shall be limited to 12 hours. However, no deposition shall last more than seven hours in a given day without consent of the deponent. Each seven hours of Rule 30(b)(6) testimony shall count as one deposition toward the limit of ten depositions. Notwithstanding the foregoing, each party reserves the right to seek additional deposition time from the Court in the event it determines such additional deposition time to be necessary.

The parties further agree to work cooperatively and in good faith on the location of depositions given that both parties may have relevant personnel and documents in foreign countries. The parties agree that they will not require that depositions of foreign-based witnesses take place within this district. The parties recognize that expense of bringing witnesses to the United States and agree that they will work cooperatively to minimize such expenses by limiting the number of witnesses being requested to travel for deposition.

### d) Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

### e) Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

### f) Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties are working cooperatively and in good faith to reach an agreement regarding the designation of materials as confidential. The parties understand that there is no need for the Court to endorse the confidentiality agreement and that the Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. The parties' confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

### g) Privilege Logs

The parties have agreed that the following privileged or protected communications and documents need not be included on the parties' privilege logs: (1) communications between either party and its outside counsel of record in this matter (wherever they contain: the names of outside counsel, the names of outside counsel's support staff, outside counsel's email address, and/or the internet domain name of outside counsel in the "recipient/to" or "author/from" field);

and (2) communications and documents dated after of the filing of the complaint in this action (*i.e.,* October 25, 2012). The parties have further agreed to describe each logged communication and document as "Attorney Work Product" and/or "Attorney-Client Privilege." Notwithstanding the foregoing agreements, however, each party reserves the right to challenge any entry on another party's privilege log, including by requesting a more detailed description for that entry or by filing a motion with the Court.

## VI. Settlement and Alternative Dispute Resolution.

### a) Settlement

The parties have tried to discuss settlement, but at this juncture, without discovery and a *Markman* order, the parties agree that settlement is unlikely. However, the parties may request a settlement conference at a later date.

### b) Arbitration

The parties do not agree to arbitrate.

### c) Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.

The parties have discussed and agree on mediation. In particular, the parties agree on Jay Cohen as the mediator for this case.

Address: Jay M. Cohen, P.A.,

Post Office Box 2210, Winter Park, Fl.   32790

Phone:   407 644-1181

Email:   jmcohen@jmcohenpa.com

HHI believes that an early mediation would be beneficial in this case. HHI submits that a mediation session should be held in March 2013 with a second mediation scheduled 30 days after the Court's *Markman* order. ABB believes that a March 2013 mediation may be premature but will discuss mutually acceptable mediation dates with HHI.

### d) Other Alternative Dispute Resolution

The parties do not intend to pursue any other methods of alternative dispute resolution**.**

Date: January 28, 2013

Respectfully submitted,

/s/ Lara J. Tibbals
_____
Lara J. Tibbals
Florida Bar No.: 129054
ltibbals@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Blvd., Ste 3700
Tampa, FL    33602
Telephone: (813) 221-390
Fax: (813) 221-2900


Ching-Lee Fukuda (*pro hac vice*)
Ching-Lee.Fukuda@ropesgray.com
William J. McCabe (*pro hac vice*)
William.mccabe@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY    10036-8704
Telephone: (212) 596-9000
Fax: (212) 596-9050


*Attorneys for Defendant, HYUNDAI HEAVY INDUSTRIES CO., LTD.*

Respectfully submitted,

/s/ Thomas Todd Pittenger
_____
T. Todd Pittenger, Esq.
Florida Bar No.: 0768936
Joshua A. Mize, Esq.
Florida Bar No.: 0086163
AKERMAN SENTERFITT
420 S Orange Avenue, Suite 1200 (32801)
P.O. Box 231
Orlando, FL 32802-0231
Telephone: (407) 419-8420
Fax: (407) 254-4273
Email: todd.pittenger@akerman.com
Email: joshua.mize@akerman.com


Steve Cherny - Trial Counsel
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900
Email: steve.cherny@kirkland.com

Adam R. Alper, Esq.
Amy R. Lemyre, Esq.
Jared D. Edgar, Esq.
Brandon Brown, Esq.
KIRKLAND & ELLIS LLP

13

555 California Street
San Francisco, California, 94104
Telephone: (415) 439-1400
Fax: (415) 439-1500
Email: adam.alper@kirkland.com
Email: amy.lemyre@kirkland.com
Email: jared.edgar@kirkland.com
Email: brandon.brown@kirkland.com

*Attorneys for Plaintiffs, ABB Technology Ltd. and ABB Inc.*